LENNON v. FARRELL et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. SPECIFIC PERFORMANCE—ACTION FOR.

The specific performance of a written agreement cannot be enforced in an action for the specific performance of a parol agreement.

2. SAME—PLAINTIFF'S NEGLECT TO PERFORM.

Plaintiff was not entitled to a decree for specific performance of an agreement, where defendants had always been willing to perform, but plaintiff had done nothing on her part.

Appeal from special term, New York county.

Action by Anna J. Lennon against Daniel Farrell and another. From a judgment for defendants (59 N. Y. Supp. 277), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Frederick Seymour, for appellant.

Austin E. Pressinger, for respondent Bradley & Currier Co.

RUMSEY, J. The action was brought to enforce the specific performance of a parol agreement alleged by the plaintiff to have been entered into between herself and the Bradley & Currier Company, in a suit which that company had brought against her to foreclose a mortgage. The trial court found that the alleged parol agreement had never been made, and that finding was amply sustained by the evidence.

It appeared, however, upon the trial, that the plaintiff had answered in the foreclosure suit brought against her by the Bradley & Currier Company, and, as a consideration of her withdrawing her answer so that a judgment might be had in the foreclosure action, the Bradley & Currier Company gave her the written agreement, upon compliance with which she would be able to retain control of the premises. Upon this appeal the plaintiff insists that the specific performance of the written agreement should have been enforced by the trial court, and that the failure to do so was an error for which the judgment should be reversed.

To this contention of the plaintiff there are two sufficient answers. In the first place, the action was brought, not to enforce the performance of the written agreement, but only of the parol agreement. In

the second place, it was clear that the Bradley & Currier Company. had always been willing to perform the written agreement, but that the plaintiff had never done anything by way of complying with it on her part to entitle her to a specific performance. She is not in a situation, therefore, to take advantage of the written agreement upon. this appeal.

The judgment must therefore be affirmed, with costs. All concur.